1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
8
9
10  BREONNA COUNTRYMAN,                    CASE NO. C18-0187JLR
11                  Plaintiff,              ORDER TO SHOW CAUSE
        v.
12
13  JOHN DOE, et al.,
14                  Defendants.

15      The court orders removing Defendant Davis Shows NW, Inc. ("Davis Shows") to

16  show cause demonstrating compliance with 28 U.S.C. § 1446(b) and demonstrating by a

17  preponderance of the evidence that the amount in controversy in this case exceeds

18  $75,000.00, exclusive of interest and costs, under 28 U.S.C. §1332(a). *See Valdez v.*

19  *Allstate Ins. Co.*, 372 F.3d 1115, 1117-18 (9th Cir. 2004) (remanding case for

20  determination by the district court that the amount in controversy requirement was

21  satisfied).

22  //

ORDER - 1

The federal removal statute, 28 U.S.C. § 1441, provides that a defendant may remove an action to federal court on the basis of federal question or diversity jurisdiction. Removal procedures are governed by 28 U.S.C. § 1446. That section provides, in part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. §§ 1446(a)-(b)(1). When there is more than one defendant in the action, all defendants must join in the removal. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986); *see also Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) ("[A]ll defendants who may properly join in the removal petition must join."). This is commonly referred to as the unanimity requirement.

Here, Davis Shows alone filed the removal petition. (*See* Not. of Rem. (Dkt. # 1) at 3.) The court has no indication that the remaining named Defendants, Rainier Amusements, LLC and Live Nation Worldwide, Inc., have agreed to the removal. (*See* Dkt.); *see also Fristoe,* 615 F.2d at 1213 (explaining that unnamed defendants do not have to join in a removal petition). Moreover, Plaintiff Breonna Countryman's underlying complaint was filed in state court on December 22, 2017. (*See* Compl. (Dkt. # 1-2) at 1.) Davis Shows's removal petition was filed on February 6, 2018, more than 30 days after the complaint was filed in state court. (*See* Not. of Rem.) Davis Shows did not provide the court with the date on which it received service of Ms. Countryman's complaint. (*See id.*) Therefore, in addition to failing to prove the unanimity requirement,
ORDER - 2

Davis Shows has not demonstrated that the removal petition is timely. Accordingly, the court orders Davis Shows to show cause that its removal petition complies with 28 U.S.C. § 1446.

In addition, Davis Shows removed this action based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. of Rem. at 1.) The notice of removal states that Davis Shows "has a good faith belief that the Plaintiffs [sic] are seeking damages in excess of the jurisdictional amount ($75,000.00) notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought." (*Id.* at 2.) Ms. Countryman's underlying complaint requests damages associated with an injury she sustained while on an amusement ride. (Compl. ¶ 7.) Ms. Countryman does not state the severity of her injury. (*See id.* ¶ 8 (alleging only that "the failure to secure the passengers of this ride, including Plaintiff, resulted in Plaintiff falling off the ride and injuring herself").)

The Ninth Circuit has held that in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the defendant has the burden to prove, by a preponderance of the evidence, that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

It appears to the court that federal subject matter jurisdiction is lacking because Davis Shows fails to meet its burden of proof with respect to the jurisdictional amount in controversy. Although Davis Shows asserts that it "has a good faith belief" that Ms. Countryman is seeking damages in excess of $75,000.00 (Not. of Rem. at 2), the complaint is silent with respect to the amount in controversy (*see generally* Compl.). The complaint merely requests "damages suffered by Plaintiff to be determined at the time of trial based upon the extent of injuries representing fair and just compensation." (*Id.* at 3.) This vague statement does not establish that the amount in controversy exceeds $75,000.00. Nor does Davis Shows provide additional support that demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. (*See generally* Not. of Rem.)

Accordingly, the court ORDERS Davis Shows to show cause why this matter should not be remanded to state court by filing a submission within seven (7) days of the date of this order demonstrating compliance with 28 U.S.C. § 1446, and that the $75,000.00 amount in controversy requirement has been met. Ms. Countryman's response to Davis Shows's submission, if any, shall be filed and served within seven (7) days of the date of Davis Shows's submission.

Dated this 22nd day of February, 2018.

JAMES L. ROBART
United States District Judge